Hearing Date:"Pqxgo dgt"; ."4233
Hearing Time:"32:52"c0o0
Location: 219 S. Dearborn St., Courtroom '864
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § """"""""""Ejcrvgt'9 | |
| | § | |
| Perelgut, Mitchell | § | Case No. 10-53035 |
| Perelgut, Maureen | § | |
| | § """"""""""Jqp0'Uwucp'Rkgtuqp'Uqpfgtd{ | |
| Debtoru | """§ | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ____ of the United States Bankruptcy Code was filed on ____. The undersigned trustee was appointed on ____.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]       $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

Document      Page 2 of 9

  5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7. The Trustee's proposed distribution is attached as **Exhibit D**.

  8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joseph A. Baldi, Trustee_____
             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 10-53035 | SPS | Judge: Susan Pierson Sonderby | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|
| Case Name: | Perelgut, Mitchell | | | Date Filed (f) or Converted (c): | 11/30/10 (f) |
| | Perelgut, Maureen | | | 341(a) Meeting Date: | 01/05/11 |
| For Period Ending: | 09/04/11 | | | Claims Bar Date: | 05/17/11 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 323 Shadow Bend Dr, Wheeling, IL 60090 (Debtor's | 147,000.00 | 0.00 | | 0.00 | FA |
| 2. MB Financial checking account #xxxxx5029 | 400.00 | 0.00 | | 0.00 | FA |
| 3. MB Financial checking account | 500.00 | 0.00 | | 0.00 | FA |
| 4. Household goods: Flat-screen TV, DVD player, compu | 2,000.00 | 0.00 | | 0.00 | FA |
| 5. Books, Compact Discs, Tapes/Records, Family Pictur | 100.00 | 0.00 | | 0.00 | FA |
| 6. Necessary wearing apparel. | 100.00 | 0.00 | | 0.00 | FA |
| 7. Earrings, watch, costume jewelry | 250.00 | 0.00 | | 0.00 | FA |
| 8. Wedding ring set | 200.00 | 0.00 | | 0.00 | FA |
| 9. Pension w/ Employer/Former Employer - 100% Exempt. | 0.00 | 0.00 | | 0.00 | FA |
| 10. Pension w/ Employer/Former Employer - 100% Exempt. | 0.00 | 0.00 | | 0.00 | FA |
| 11. 2004 Chevrolet E30 Van (over 170,000 miles) | 2,000.00 | 1,000.00 | | 1,000.00 | FA |
| 12. 2004 Acura MDX (over 76,000 miles) | 12,000.00 | 3,000.00 | | 3,000.00 | FA |
| 13. 2005 Scion TC (over 70,000 miles) | 6,000.00 | 1,000.00 | | 1,000.00 | FA |
| 14. Family Pets/Animals. | 0.00 | 0.00 | | 0.00 | FA |
| 15. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.07 | Unknown |

TOTALS (Excluding Unknown Values) $170,550.00 $5,000.00 $5,000.07

Gross Value of Remaining Assets $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee sold equity in vehicles to Debtor per court order

Initial Projected Date of Final Report (TFR): / /   Current Projected Date of Final Report (TFR): / /

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 10-53035 -SPS | | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|
| Case Name: | Perelgut, Mitchell | | Bank Name: | Bank of America, N.A. |
| | Perelgut, Maureen | | Account Number / CD #: | *******7165 Money Market Account (Interest Earn |
| Taxpayer ID No: | *******6191 | | | |
| For Period Ending: | 09/04/11 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 05/31/11 | * NOTE * | Mitchell Perelgut<br>323 Shadow Bend Dr<br>Wheeling, IL 60090 | SALE PROCEEDS: VEHICLES<br>* NOTE * Properties 11, 12, 13 | 5,000.00 | | | | | 5,000.00 |
| 06/30/11 | 15 | Bank of America, N.A. | Interest Rate 0.010 | | 0.03 | | | | 5,000.03 |
| 07/29/11 | 15 | Bank of America, N.A. | Interest Rate 0.010 | | 0.04 | | | | 5,000.07 |

```
            Account *******7165        Balance Forward          0.00
                                    1  Deposits             5,000.00        0  Checks              0.00
                                    2  Interest Postings        0.07        0  Adjustments Out     0.00
                                                                            0  Transfers Out       0.00
                                       Subtotal          $   5,000.07
                                                                               Total          $    0.00
                                    0  Adjustments In           0.00
                                    0  Transfers In             0.00

                                       Total            $   5,000.07
```

UST Form 101-7-TFR (10/1/2010) *(Page: 4)*

LFORM2XT

Ver: 16.02b

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

| Case Number: | 10-53035 | | Page 1 | | Date: September 04, 2011 |
| Debtor Name: | Perelgut, Mitchell | | Priority Sequence (No Pay Hold) | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Baldi Berg & Wallace, Ltd.<br>19 S. LaSalle St.<br>Suite 1500<br>Chicago, IL 60603 | Administrative | | $0.00 | $1,269.50 | $1,269.50 |
| 001<br>2100-00 | JOSEPH A. BALDI , as Trustee<br>19 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois  60603 | Administrative | | $0.00 | $1,250.00 | $1,250.00 |
| 000010<br>050<br>4210-00 | Fifth Third Bank<br>PO BOX 829009<br>Dallas, TX 75382 | Secured | | $0.00 | $0.00 | $0.00 |
| 000001<br>070<br>7100-00 | American InfoSource LP as agent for<br>Citibank N.A.<br>PO Box 248840<br>Oklahoma City, OK 73124-8840 | Unsecured | | $17,500.00 | $17,138.98 | $17,138.98 |
| 000002<br>070<br>7100-00 | Fifth Third Bank<br>PO BOX 829009<br>Dallas, TX 75382 | Unsecured | | $7,200.00 | $7,209.84 | $7,209.84 |
| 000003<br>070<br>7100-00 | Fifth Third Bank<br>PO BOX 829009<br>Dallas, TX 75382 | Unsecured | | $10,200.00 | $10,327.00 | $10,327.00 |
| 000004<br>070<br>7100-00 | American InfoSource LP as agent for<br>Citibank N.A.<br>PO Box 248840<br>Oklahoma City, OK 73124-8840 | Unsecured | | $21,300.00 | $22,247.44 | $22,247.44 |
| 000005<br>070<br>7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $14,000.00 | $14,102.70 | $14,102.70 |
| 000006<br>070<br>7100-00 | PYOD LLC its successors and assigns<br>as assignee of<br>Citibank, NA<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured | | $15,200.00 | $14,909.34 | $14,909.34 |
| 000007<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>PO Box 248839<br>Oklahoma City, OK 73124-8839 | Unsecured | | $14,700.00 | $15,582.87 | $15,582.87 |
| 000008<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $25,500.00 | $25,232.38 | $25,232.38 |

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

| Case Number: | 10-53035 | | Page 2 | | Date: September 04, 2011 |
| Debtor Name: | Perelgut, Mitchell | | Priority Sequence (No Pay Hold) | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000009 070 7100-00 | American Express Bank, FSB c o Becket and Lee LLP POB 3001 Malvern, PA 19355-0701 | Unsecured | | $42,500.00 | $42,315.14 | $42,315.14 |
| | Case Totals: | | | $168,100.00 | $171,585.19 | $171,585.19 |

Code #:   Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-53035
Case Name: Perelgut, Mitchell
　　　　　　Perelgut, Maureen
Trustee Name: Joseph A. Baldi, Trustee

　　　　　Balance on hand　　　　　　　　　　　　　　　　　$

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000010 | Fifth Third Bank | $ | $ | $ | $ |

　　Total to be paid to secured creditors　　　　　　　$_____

　　Remaining Balance　　　　　　　　　　　　　　$_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |

　　Total to be paid for chapter 7 administrative expenses　　$_____

　　Remaining Balance　　　　　　　　　　　　　　$_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

　　　　　　　　　　　　　　NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | American InfoSource LP as agent for | $ | $ | $ |
| 000002 | Fifth Third Bank | $ | $ | $ |
| 000003 | Fifth Third Bank | $ | $ | $ |
| 000004 | American InfoSource LP as agent for | $ | $ | $ |
| 000005 | Chase Bank USA, N.A. | $ | $ | $ |
| 000006 | PYOD LLC its successors and assigns as assignee of | $ | $ | $ |
| 000007 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000008 | American Express Bank, FSB | $ | $ | $ |
| 000009 | American Express Bank, FSB | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                              $_____

      Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE